UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE A. MAXWELL,

    Plaintiff,

v.                                                                                              Hon. Robert J. Jonker

IAN FIELDS,                                                                         Case No. 1:23-cv-319

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed his complaint in this action on March 29, 2023, against Defendant Sgt. Ian Fields of the Michigan State Police, alleging that Fields violated his rights under the Fourth Amendment during a routine traffic stop on February 17, 2023. (ECF No. 1 at PageID.3.) The search of Plaintiff's person and vehicle yielded crack cocaine and a heavily modified shotgun with its barrel cut and stock removed. (ECF No. 1-1 at PageID.12.) Based on this evidence, Plaintiff was charged in a felony criminal complaint with several counts, including possession of less than 50 grams of a mixture containing the controlled substance cocaine, in violation of Mich. Comp. Laws § 333.7401(2)(a), and felon-in-possession of a firearm, in violation of Mich. Comp. Laws § 750.224f. (*Id.* at PageID.9.) Plaintiff was a pretrial detainee of the Berrien County Jail when he filed his instant complaint.

On May 30, 2023, I conducted a pre-service review as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), and determined that Plaintiff stated a plausible Fourth Amendment claim. (ECF No. 11 at PageID.41.) However, because Plaintiff was currently subject to a criminal proceeding arising out of the traffic stop and related search, I stayed and administratively closed the case pursuant to *Younger v. Harris*, 401 U.S. 37

(1971). (*Id.* at PageID.42–44.) On September 1, 2023, Plaintiff pled nolo contendere to possession of cocaine, less than 25 grams, second offense. (ECF No. 13-2 at PageID.54.) On or about October 2, 2023, the Berrien County Circuit Court sentenced Plaintiff to a term of imprisonment of two to ten years. (ECF No. 15-1 at PageID.59.) On October 27, 2023, I granted Plaintiff's motion to reopen this case based on the entry of Judgment of Conviction by the state court. (ECF No. 17.)

Plaintiff asserts that his nolo contendere plea preserves his right to pursue his claim against Defendant Fields in this Court. (ECF No. 13 at Page.49.) It is true that under Michigan law, "'a plea of *nolo contendere* cannot be used in evidence against the defendant as an admission in a subsequent civil or criminal case.'" *Masrur v. Regents of Univ. of Mich.*, __ N.W.2d __, 2022 WL 16858805, at *4 (Mich. Ct. App. Nov. 10, 2022) (quoting *Koniak v. Heritage Newspapers, Inc.*, 198 Mich. App. 577, 581 (1993)). Nonetheless, Plaintiff must also contend with federal law, specifically, the so-called *Heck* doctrine. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), provides that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Court held that a state prisoner cannot make a cognizable claim under Section 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48

(declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

The fact that Plaintiff pled nolo contendere, or "no contest," is not germane to whether *Heck* applies, as the Sixth Circuit has recognized that *Heck* may bar a claim in such circumstances. In *Schreiber v. Moe*, 596 F.3d 323 (6th Cir. 2010), the plaintiff pled no contest in Michigan state court to attempting to "'assault, batter, wound, resist, obstruct, oppose, or endanger'" a police officer. *Id.* at 328 (quoting Mich. Comp. Laws §§ 750.81d(1) and 750.92). The court held that *Heck* did not bar the plaintiff's excessive force claim, but not because the plaintiff pled no contest. Rather, the court found that the plaintiff's excessive force claim and his conviction were not necessarily inconsistent with one another because the plaintiff's conviction for failure to comply with a lawful police command would not have rendered the alleged unreasonable force reasonable. *Id.* at 334. *See Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005) (concluding that *Heck* barred the plaintiff's Fourth Amendment excessive force claim based on the plaintiff's plea of no contest to assaulting the officer); *Peterson Novelties, Inc. v. Clinton Twp.*, No. 98–2083, 2000 WL 1091487, at *2 (6th Cir. July 27, 2000) (per curiam) (holding that the plaintiff's false arrest and malicious prosecution claims were barred under *Heck* by the plaintiff's plea of no contest); *Lavallis v. D'Angelo*, No. 19-10846, 2021 WL 388461, at *13 (E.D. Mich. Jan. 19, 2021), *report and recommendation adopted*, 2021 WL 364254 (E.D. Mich. Feb. 3, 2021) ("[F]inding in Plaintiff's favor on the False Imprisonment/False Arrest claims would necessarily imply the invalidity of Plaintiff's no contest plea in the lower court to the violation of M.C.L § 257.301 and thus violate *Heck*."); *Ramirez v. Dennis*, No. 1:01-CV-160, 2002 WL 34213427, at *4–5 (W.D.

Mich. June 6, 2002) (holding that the plaintiff's no contest plea to domestic assault was a conviction subject *Heck*).

Plaintiff's claim, as set forth above, is that Defendant violated his Fourth Amendment rights by conducting an unlawful search. The search led to discovery of the cocaine and the resulting charge. In turn, Plaintiff pled nolo contendere to the charge of possessing cocaine. Courts have routinely found Fourth Amendment claims *Heck*-barred in similar circumstances where the seized evidence was essential to the plaintiff's conviction. For example, in *Macon v. Hopkins*, No. 1:11-cv-1191, 2012 WL 112298 (W.D. Mich. Jan. 12, 2012), the court wrote:

> Plaintiff's allegations about the reasonableness of the search were integral to his criminal conviction. "Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea [are] precluded by *Heck v. Humphrey*, [512 U.S. at 487, 114 S. Ct. at ——], on the grounds that a civil suit holding that these searches were improper would undermine the basis of Petitioner's guilty plea and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir.2008); *see also Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398–99 (6th Cir.1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned), *overruled in other part*, *Wallace v. Kato*, 549 U.S. 384, 393, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest). Therefore, Plaintiff's action is barred under *Heck* unless and until his criminal conviction has been invalidated.

*Id.* at *3. Similarly, in *Fox v. Michigan State Police Department*, 173 F. App'x 372 (6th Cir. 2006), the Sixth Circuit held that the plaintiff's Fourth Amendment claim asserting an unlawful search that yielded a switchblade was barred by *Heck* because "a finding in favor of Fox on his claim that defendants unlawfully searched his person would 'necessarily imply the invalidity of his conviction' for possession of a switchblade." *Id.* at 377; *see also Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008) (observing that "*Heck* bars § 1983 Fourth Amendment claims where the contested search produced the only evidence supporting the conviction and no legal doctrine could save the evidence from exclusion"); *Boyce v. City Hall for Springfield*, No. 3:19-cv-181, 2023 WL

4

2666303, at *6–7 (S.D. Ohio Mar. 28, 2023) (finding the plaintiff's Fourth Amendment unlawful search claims *Heck*-barred because there was no evidence that the items recovered in the search would have been admissible through other circumstances, such as inevitable discovery, and imprisonment was the plaintiff's only injury"); *Walker v. Biddinger*, No. 1:21-cv-106, 2021 WL 1884539, at *3 (W.D. Mich. May 11, 2021) (dismissing the plaintiff's Fourth Amendment claims as *Heck*-barred on initial screening under the PLRA because his "allegations about the reasonableness of the arrest and search of his vehicle were integral to his criminal conviction").

Because the cocaine that Defendant seized while searching Plaintiff was integral to his conviction—indeed, it was the only evidence—and a finding that the search was unlawful would necessarily imply the invalidity of Plaintiff's conviction for possession of cocaine, Plaintiff's claim is barred by *Heck* unless and until his conviction has been invalidated as set forth above. Accordingly, I recommend that the Court dismiss this action for failure to state a claim.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same). However, such a dismissal should be without prejudice. *Sampson v. Garrett*, 917 F.3d 880, 882-83 (6th Cir. 2019) (citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir. 1992)). Accordingly, I recommend that the Court dismiss this action without prejudice for failure to state a claim.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's complaint be **dismissed without prejudice** because it is barred by *Heck v. Humphrey*. The Court must also decide whether an appeal

of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action without prejudice, I discern no good faith basis for an appeal. Therefore, I recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

Date:  November 3, 2023                                  /s/ Sally J. Berens
                                                                                SALLY J. BERENS
                                                                                U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).